United States District Court
Southern District of Texas
**ENTERED**
June 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| FREDDIE EDWARDS, | § | CIVIL ACTION NUMBER |
| Plaintiff, | § | 4:25-cv-00344 |
| | § | |
| | § | |
| versus | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| STATE OF TEXAS, *et al*, | § | |
| Defendants. | § | |

**OPINION AND ORDER ON DISMISSAL**

Plaintiff Freddie Edwards is a former inmate of the Texas Department of Criminal Justice—Correctional Institutions Division. He proceeds here *pro se*.

In January 2025, Plaintiff filed a letter in the Northern District of Texas, in which he appeared to seek relief because a state application for writ of *habeas corpus* filed in 1993 had never been reviewed by the Texas Court of Criminal Appeals. He alleged that he served thirty years in prison as a result of the failure to rule on the application. Dkt 2. He also sought leave to proceed *in forma pauperis*. Dkt 4.

The Northern District construed the letter as a petition for a federal writ of *habeas corpus*. Based on venue rules, it transferred the action to the Southern District of Texas, where Plaintiff had been convicted. Dkt 5. Plaintiff later filed an amended complaint, in which he clarified that he is seeking money damages based on the CCA's failure to rule on his state application. Dkt 9.

Due to a clerical error in coding this matter on the docket, delays occurred in reviewing Plaintiff's complaint. Upon review, it was determined that Plaintiff sought relief available only through a civil-rights action rather than a

*habeas corpus* action. In addition, his motion to proceed *in forma pauperis* was incomplete.

Plaintiff was ordered to file a second amended complaint on the approved form for prisoner civil-rights complaints within thirty days. He was also ordered to either pay the filing fee for a civil-rights action or file an amended motion to proceed *in forma pauperis* within thirty days. The order included blank forms for Plaintiff's use and advised him that this action was subject to dismissal without prejudice for want of prosecution if he didn't comply. Dkt 11.

Plaintiff hasn't complied, and his time to do so has expired. Under the inherent powers necessarily vested in a district court to manage its own affairs, this action will be dismissed for want of prosecution. FRCP 41(b); *Link v Wabash Railroad*, 370 US 626, 630-31 (1962); *Larson v Scott*, 157 F3d 1030, 1031 (5th Cir 1998); James W. Moore, *et al*, 8 *Moore's Federal Practice* § 41.51(3)(b) & (e) (Matthew Bender 3d ed 2017).

The Court will grant relief upon a proper showing under Rule 60(b) of the Federal Rules of Civil Procedure. See *Link*, 370 US at 635. A proper showing requires, at minimum, compliance with the Court's prior order.

The civil action filed by Plaintiff Freddie Edwards is DISMISSED WITHOUT PREJUDICE. Dkt 2.

All pending motions are DENIED AS MOOT.

SO ORDERED.

Signed on June 25, 2026, at Houston, Texas.

_____
Honorable Charles Eskridge
United States District Judge

2